IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| 2202 67th ST LLC<br>*Plaintiff,* IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF<br><br>v.<br><br>CAPITAL FUND I, LLC<br>*Defendant.* | §<br>§<br>§<br>§<br>§  CIVIL ACTION:<br>§         3:23-cv-389<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332 and 1441, CAPITAL FUND I, LLC ("CAP") hereby removes this action from the 122ND DISTRICT COURT, GALVESTON COUNTY County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, as follows:

### I.   STATE COURT ACTION

1. On 12/05/2023 Plaintiff 2202 67TH ST LLC (hereinafter "Plaintiff") filed its Plaintiff's Original Petition (hereinafter "Petition") in the 122nd District Court, Galveston County, Texas styled *2202 6TH ST LLC vs. CAPITAL FUND I, LLC* and bearing Cause No. 23-CV-2250.

2. In the State Court Action, Plaintiff brings claims for wrongful foreclosure, declaratory judgment, and damages, as well as a stay to preclude the foreclosure of the real property located at 2202 67TH ST, GALVESTON, TX 77551 (the "Property").[1]

---
[1] Pl's. Orig. Pet. ¶¶ 14 - 17.

3. This lawsuit was filed in the 122nd District Court, Galveston County, Texas on 12/05/2023. No Defendant, named or otherwise, has been served in the state court action.

4. Removal is timely because thirty days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1).

5. Defendant CAPITAL FUND I, LLC removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.   PROCEDURAL REQUIREMENTS

6. This action is properly removed to this Court, as the lawsuit is pending within the district and division.[2]

7. The United States District Court for the Southern District of Texas, Galveston Division has original jurisdiction over this action based on diversity jurisdiction, as Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount.[3]

8, Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule LR81 this Notice of Removal is accompanied by copies of the following materials:

| Exhibit | Document |
|---|---|
| A | Civil Cover Sheet; |
| B | List of All Counsel of Record; |
| C | List of transactions for Case No. 22-CV-2250 and Index of Documents Filed in State Court; |

---

[2] 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).
[3] 28 U.S.C. § 1332(a).

| | |
|---|---|
| D | Appraisal Detail Report for the Subject Property. |

9. Simultaneously with the filing of this Notice of Removal Defendant CAPITAL FUND I, LLC is filing a copy of the Notice of Removal in the 122ND District Court of Galveston County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.    DIVERSITY JURISDICTION

10. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.00.

#### A.    COMPLETE DIVERSITY EXISTS

11. The State Court Action may be removed to this Court because it arises under 28 U.S.C. §1332 (Diversity of Citizenship).

12. Upon information and belief Plaintiff 2202 67TH ST LLC is in a Texas Limited Liability Company.[4]  For diversity purposes, the citizenship of an LLC is determined by the citizenship of all of its members.  2202 67TH ST LLC has two members: (1) Cherry Orchard Acquisitions, LLC; and (2) FJC Interests, LLC.

13. Cherry Orchard Acquisitions, LLC is a single member Texas Limited Liability Company.  Its sole member is Benjamin W. Allen.  Benjamin W. Allen is a natural person, domiciled in, and living in, the State of Texas.

14. FJC Interests, LLC is a single member Texas Limited Liability Company.  Its sole member is Frederic J. Chenard.  Frederic J. Chenard is a natural person, domiciled in, and living in, the State of Texas.

---

[4] Pl's. Orig. Pet.

15. Thus, 2202 67TH ST LLC is a citizen of TEXAS for purposes of diversity jurisdiction.

16. CAPITAL FUND I, LLC is an Arizona Limited Liability Company with its Principal Place of Business in the State of Arizona. The members of Capital Fund I, LLC are: (1) MICHAEL C ANDERSON; (2) SATTERFIELD LLC; (3) NSB INVESTMENTS LLC; (4) BLOXOM FAMILY REVOCABLE TRUST; (5) MICHAEL LOFTON AS TRUSTEE OF BLOXOM FAMILY REVOCABLE TRUST ; (6) BEAVER 72 LLC; (7) KP& D, LLC; (8) HIGHMARK FINANCIAL, LLC; and (9) LARSON FINANCIAL LLC.

17. MICHAEL C ANDERSON is a natural person, domiciled in the State of Arizona. Thus, MICHAEL C ANDERSON is a citizen of the State of Arizona for diversity purposes.

18. SATTERFIELD LLC is an Arizona Limited Liability Company with its Principal Place of Business in the State of Arizona. For diversity purposes, the citizenship of an LLC is determined by the citizenship of all of its members. SATTERFIELD LLC has two members: (1) LEWIS F SATTERFIELD; and (2) PEGGY A SATTERFIELD. LEWIS F SATTERFIELD is a natural person, domiciled in the State of Arizona. PEGGY A SATTERFIELD is a natural person, domiciled in the State of Arizona. Thus, SATTERFIELD LLC is a citizen of the State of Arizona for diversity purposes.

19. NSB INVESTMENTS LLC is an Arizona Limited Liability Company with its Principal Place of Business in the State of Arizona. For diversity purposes, the citizenship of an LLC is determined by the citizenship of all of its members. NSB INVESTMENTS LLC has four members: (1) NOAH BROCIOUS; (2) CRAIG BROCIOUS; (3) TINA BROCIOUS; and (4) the BROCIOUS FAMILY LIMITED PARTNERSHIP. NOAH BROCIOUS is a natural person domiciled in the State of Arizona. CRAIG BROCIOUS is a natural person domiciled in the State

of Arizona. BROCIOUS FAMILY LIMITED PARTNERSHIP is an Arizona Limited Partnership. For diversity purposes, the citizenship of an Limited Partnership is determined by the citizenship of all of its Partners. The BROCIOUS FAMILY LIMITED PARTNERSHIP has two partners: (1) DANIEL K. BROCIOUS; and (2) CRAIG A. BROCIOUS. DANIEL K. BROCIOUS is a natural person domiciled in the City of Tucson, State of Arizona. CRAIG A. BROCIOUS is a natural person domiciled in the City of Scottsdale, State of Arizona. Thus, NSB INVESTMENTS LLC is a citizen of the State of Arizona for diversity purposes.

20. BLOXOM FAMILY REVOCABLE TRUST is a Trust. The Citizen of a Trust is determined by the citizenship of the Trustee. MICHAEL LOFTON is TRUSTEE OF BLOXOM FAMILY REVOCABLE TRUST is a natural person domiciled in the State of Arizona. Thus, the BLOXOM FAMILY REVOCABLE TRUST is a citizen of the State of Arizona for diversity purposes.

21. MICHAEL LOFTON is TRUSTEE OF BLOXOM FAMILY REVOCABLE TRUST is a natural person domiciled in the State of Arizona. Thus, MICHAEL LOFTEN is a citizen of the State of Arizona for diversity purposes.

22. BEAVER 72 LLC is an Arizona Limited Liability Company with its Principal Place of Business in the State of Arizona. For diversity purposes, the citizenship of an LLC is determined by the citizenship of all of its members. BEAVER 72 LLC has two members: (1) the ANDERSON FAMILY TRUST; and (2) MICHAEL C ANDERSON, TRUSTEE of the ANDERSON FAMILY TRUST. The Citizen of a Trust is determined by the citizenship of the Trustee. MICHAEL C ANDERSON, TRUSTEE of the ANDERSON FAMILY TRUST is a natural person domiciled in the State of Arizona. Thus, ANDERSON FAMILY TRUST is a citizen of the State of Arizona for diversity purposes.

23. KP & D, LLC is an Arizona Limited Liability Company with its Principal Place of Business in the State of Arizona. For diversity purposes, the citizenship of an LLC is determined by the citizenship of all of its members. KP & D, LLC has one member: (1) TO THE MOON AND BACK TRUST. The Citizen of a Trust is determined by the citizenship of the Trustee. KRISTIN P FENLEY is the Trustee of the TO THE MOON AND BACK TRUST. Kristin P Fenley is a natural person domiciled in the State of Arizona. Thus, the TO THE MOON AND BACK TRUST is a citizen of the State of Arizona for diversity purposes.

24. HIGHMARK FINANCIAL, LLC is an Arizona Limited Liability Company with its Principal Place of Business in the State of Arizona. For diversity purposes, the citizenship of an LLC is determined by the citizenship of all of its members. HIGHMARK FINANCIAL, LLC has one member: (1) KEVIN HIGHMARK. Kevin Highmark is a natural person domiciled in the State of Arizona. Thus, HIGHMARK FINANCIAL, LLC is a citizen of the State of Arizona for diversity purposes.

25. LARSON FINANCIAL LLC is an Arizona Limited Liability Company with its Principal Place of Business in the State of Arizona. For diversity purposes, the citizenship of an LLC is determined by the citizenship of all of its members. LARSON FINANCIAL LLC has one member: (1) Tyler Larson. Tyler Larson is a natural person domiciled in the State of Arizona. Thus, LARSON FINANCIAL LLC is a citizen of the State of Arizona for diversity purposes.

26. Thus, CAPITAL FUND I, LLC is a citizen of ARIZONA for diversity purposes.

27. Because Plaintiff is a citizen of Texas and Defendant CAPITAL FUND I, LLC is a citizen of ARIZONA complete diversity exists between the parties.[5]

B. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

---

[5] 28 U.S.C. § 1332(c)(1).

28.     Where a Defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.[6] A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.[7]

29.     In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.[8] Specifically, the Farkas Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[9] Thus, when a right to property is called into question in its entirety, the value of the property controls the amount in controversy.[10]

30.     Further, the Court may also consider actual damages and attorney fees in determining the amount in controversy.[11]

---

[6] *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).

[7] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at 2 (S.D. Tex. Aug. 27, 2009).

[8] *Farkas v. GMAC Mortgage, LLC,* 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010).

[9] *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)).

[10] *Nationstar Mortgage LLC v. Knox*, No. 08- 60887, 351 Fed. App'x 844, 848 (5th Cir. 2009) (*quoting Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg.*, L.L.C., et al., --- Fed. Appx. ----, No. 12-10623, 2013 WL 3929935, at *2 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

[11] *White*, 319 F.3d at 675-76; *St. Paul Reins. Co*., 134 F.3d at 1253 n.7; *Grant v. Chevron Phillips Chemical Co. L.P*., 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

31.     Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs.  This is because Plaintiff seeks relief from the conducting of an allegedly wrongful foreclosure sale of the Property[12], and as a result, the entire value of the Property is squarely at issue.[13]  According to the GALVESTON County Central Appraisal District the Subject Property has a total value of $240,000.00.[14]

32.     Additionally, Plaintiff seeks actual damages.[15] Although Defendant CAPITAL FUND I, LLC will vehemently deny that Plaintiff is entitled to any declaratory relief, actual damages, or attorney fees, when these amounts, along with the value of the Property, are all included in the amount in controversy calculus, it is facially apparent that the value of the relief sought by Plaintiff in this matter exceeds $75,000, exclusive of interest and costs.

33.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV.     CONCLUSION

WHEREFORE, Defendant CAPITAL FUND I, LLC hereby removes this action from the 122nd District Court of Galveston County, Texas to the United States District Court for the SOUTHERN District of Texas, Galveston Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[12] Pls'. Pet. ¶ 10.
[13] *Bardwell v. BAC Home Loans Servicing, LP,* No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48).
[14] Exhibit D.
[15] Pl's. Orig. Pet. ¶ PRAYER.

*Respectfully Submitted,*

**JACK O'BOYLE & ASSOCIATES**

*/s/ Travis H. Gray*
Travis H. Gray | SBN 24044965
travis@jackoboyle.com
Chris Ferguson | SBN 24068714
chris@jackoboyle.com
P.O. Box 815369
Dallas, Texas 75381
P:  972.247.0653
F: 972.247.0642
*ATTORNEYS FOR DEFENDANT CAPITAL FUND I LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on December 9, 2023 to:

Justin P. Nichols | SBN: 24081371
Adam Poole | SBN: 24088239
THE NICHOLS LAW FIRM, PLLC
309 W. Dewey Place, Ste. B201-540
San Antonio, TX 78212
P: 210.354.2300
F: 800.761.5782
adam@thenicholslawfirm.com
ATTORNEYS FOR PLAINTIFF
2202 67TH ST LLC

*/s/ Travis H. Gray*
Travis H. Gray